**Gurpreet SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–73667.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 17, 2006.

Filed Nov. 8, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* FED. R.APP. P. 34(a)(2).

** The Honorable Cormac J. Carney, United States District Judge for the Central District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Pardeep Singh Grewal, Camiel Becker, Esq., Law Offices of Pardeep Singh, Oakland, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Lara Kroop, U.S. Department of Justice, San Francisco, CA, for Respondent.

Before: KLEINFELD and BYBEE, Circuit Judges, and WHALEY *, District Judge.

### MEMORANDUM **

Appellant Gurpreet Singh ("Petitioner") petitions for review of the Board of Immigration's ("BIA") denial of asylum, withholding of removal and claim under the Convention Against Torture ("CAT"). Because the BIA affirmed the Immigration Judge ("IJ") without opinion, "we review the IJ's opinion as if it were the opinion of

the BIA." *Jahed v. INS,* 356 F.3d 991, 997 (9th Cir.2004).

The facts and proceedings are known to the parties and are only repeated here as necessary. We review factual determinations for substantial evidence. *See Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000). Factual determinations made about an alien's eligibility for asylum are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). The same standard applies to decisions for relief under CAT, and an even more stringent standard applies to withholding of removal. *Lanza v. Ashcroft,* 389 F.3d 917, 936 (9th Cir.2004); *Ghaly v. INS,* 58 F.3d 1425, 1429 (9th Cir.1995).

In the asylum context, an adverse finding of credibility must be supported by "a specific, cogent reason" that goes to the "heart" of the asylum claim. *Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004). We must accept the IJ's adverse credibility determination "[s]o long as *one* of the identified grounds is supported by substantial evidence and goes to the heart of [the] claim of persecution...." *Id.* at 964 (emphasis added). The IJ articulated several grounds in making an adverse credibility determination, many of which went to the "heart" of the asylum claim. Specifically, the IJ determined that Petitioner's testimony was not credible with regard to the number of times militants came to his home, or the details about a political rally he attended. Additionally, the IJ made several findings that Petitioner's testimony was not fairly supported by the historical record and was implausible given the country conditions in

---

* The Honorable Robert H. Whaley, United States District Judge for the Eastern District of Washington, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

India at the time. We cannot say that these findings were not supported by substantial evidence; therefore, we decline to disturb the IJ's credibility findings. Because Petitioner was not credible, the IJ did not err in denying Petitioner's claims for asylum, withholding of removal and relief under CAT.

In response to the government's argument that Petitioner's asylum claim is statutorily barred under 8 U.S.C. § 1182(a)(3)(B)(iv)(VI), Petitioner raises a duress defense. Given Petitioner's lack of credibility, we cannot credit the evidence he would need to maintain such a defense; therefore we decline to reach the issue.

Accordingly, the petition is **DENIED**.